# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN C. MILLER,<br><br>                          Plaintiff,<br>  vs.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>                        Defendants. | CASE NO. 16cv1434-LAB (JMA)<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANT BANK OF AMERICA; AND**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO AMEND** |

After Plaintiff Shawn Miller failed to oppose Bank of America's motion to dismiss, the Court vacated the hearing and ordered Miller to show cause why the motion should not be granted. Specifically, the Court ordered Miller to explain why he did not timely oppose the motion, and to show cause why claims against Bank of America should not be dismissed. (Docket no. 6 at 1:23–25.)   Miller was also ordered to attach a copy of his proposed opposition to the motion to his response. (*Id.*, 1:25–26.)

Miller did not attempt to explain his failure to oppose the motion to dismiss nor did he offer any opposition to the motion. Instead, he filed a response asking for leave to amend his complaint and citing authority for the principle that leave to amend should be granted freely. (Docket no. 7.) The Court construes this action as Miller's admission that his complaint failed to state a claim against Bank of America, and a request for leave to amend.

In light of this, Bank of America's motion to dismiss is **GRANTED IN PART**. All claims against Bank of America are **DISMISSED WITHOUT PREJUDICE**.

Miller also filed a noticed motion for leave to amend his complaint. (Docket no. 8.) The motion does not comply with Civil Local Rule 15.1(b), however. As a result, the Court and the Defendants would be saddled with the task of comparing the original complaint with the proposed amended one, both of which are 23 pages long and in a format that prevents use of word processing software to run a redline comparison of the two documents.

Furthermore, the proposed amended complaint is deficient. For example, it includes outdated allegations. (*See, e.g.*, Docket no. 8-3 (proposed amended complaint), ¶ 7 (alleging a trustee sale scheduled for June 10, 2016), ¶¶ 27–28 (alleging that the trustee's sale had already taken place), and Prayer for Relief, ¶ 1 (asking the Court to enjoin the June 10, 2016 foreclosure sale).) It incorrectly claims that all Defendants are corporations with multiple offices located in San Diego County, and identifies them all as servicers of Miller's loan. (*Id.*, ¶ 12.)

The proposed amended complaint would add two Defendants, Brian Richard dba Richard Realty, and Ilene Anne Radszuweit. These Defendants are not identified, however, and their roles are not explained; the proposed amended complaint for the most part refers to Defendants collectively, without including specific allegations regarding who each Defendant is and what each Defendant did. Rather, it says that all Defendants were each other's agents and employees for all purposes, without alleging facts to support this conclusion. (*Id.*, ¶14.) See, e.g., *Mindlab Media, LLC v. LWRC Int'l, LLC*, 2012 WL 386695, at *4 (C.D. Cal., Feb. 6, 2012) (holding that similar allegations were conclusory and insufficient to satisfy Fed. R. Civ. P. 8's pleading standard); *Calugay v. GMAC Mortg.*, 2009 WL 3872356 (D. Ariz. Nov. 18, 2009) (same). It fails to address defects the two motions to dismiss have pointed out, such as the apparent running of the statute of limitations. Although the motion says Miller seeks to quiet title to the property, the proposed amended complaint does not mention it. There are other defects as well.

/ / /

In light of the defects in Miller's motion, it is summarily **DENIED WITHOUT PREJUDICE**. Miller may, if he wishes, renew his motion no later than **Monday, September 5, 2016.** If he does so, he should file an *ex parte* request for leave to amend, rather than a noticed motion, and should attach his proposed amended complaint as an exhibit, and a copy showing changes as required by Civil Local Rule 15.1(b) as a second exhibit. Defendants' oppositions, if any, should be filed by **September 15, 2016**.

Miller offered no opposition to Bank of America's motion to dismiss, and has sought leave to amend rather than oppose MTC Financial, Inc.'s motion to dismiss. The Court construes this to mean that Miller concedes both motions' merit. He should therefore take care that any proposed amended complaint should remedy the defects that these motions or the Court have pointed out to him. If he fails to correct defects he knows about, the Court will assume he cannot do so. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (noting district court's broad discretion to dismiss without leave to amend, where previous amendments failed to remedy pleading defects the plaintiff knew about).

MTC Financial's motion to dismiss remains pending, but will be denied as moot if Miller is granted leave to amend. In the meantime, briefing deadlines remain in place.

**IT IS SO ORDERED**.

DATED: August 18, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge