# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN C. MILLER,<br><br>  Plaintiff,<br>vs.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>  Defendants. | CASE NO. 16cv1434-LAB (JMA)<br><br>**ORDER DENYING LEAVE TO AMEND; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Shawn Miller took out a loan in 2005, secured by property in La Jolla. The Complaint claims that at that time, Defendants violated two federal statutes, the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA). (Complaint, ¶¶ 36, 106.) It also raises several state-law claims arising from Defendants' handling of the loan and foreclosure on the property.

Miller, who is represented by counsel, failed to oppose two motions to dismiss,[1] and the Court ordered him to explain why he did not timely file an opposition as required under local rules. (Docket no. 6.) The Court also required Miller, as required by Fed. R. Civ. P. 15, to seek leave before attempting to amend again. Miller ignored the Court's order to explain

---

[1] The Court later granted the motion to dismiss brought by Defendant MTC Financial, Inc., after construing Millers' non-opposition to it as his consent that the motion had merit. (*See* Docket no. 13.)

his non-opposition, and instead filed a defective motion for leave to amend. (Docket no. 8.) The Court then construed Millers' non-opposition as a concession that the Complaint failed to state a claim. (Docket no. 9.) The Court's order pointed out that Miller's motion for leave to amend was defective in several respects. (*Id*. at 2:8–28.) The Court gave Miller another opportunity to seek leave to amend, but cautioned him that his proposed amended Complaint must remedy the defects the order had identified. (*Id*. at 3:7–15.)

Miller moved for leave to amend, which the Court denied, noting his proposed amended Complaint did not remedy all the defects that had been pointed out to him. (Docket no. 11 at 2:1–8.) The Court denied the motion without prejudice, and gave Miller a second chance to seek leave to amend. Although Miller did not timely seek leave to amend, the Court *sua sponte* extended the deadline, in light of a docketing error that could have confused him.

Miller filed another motion for leave to amend (Docket no. 16), which the Court denied, citing exactly the same defects as before. The Court gave Miller a final opportunity to comply with its orders, and sternly cautioned him that if he failed to obey the Court's order, the action would be dismissed without leave to amend, both for failure to prosecute and for disobedience to the Court's orders. (Docket no. 17 at 2:4–6.)

Miller filed his latest motion for leave to amend (Docket no. 19), which suffers from most of the same defects. Among other things, the proposed amended Complaint:

- contains outdated allegations, alleging that a trustee sale has already taken place but asking the Court to enjoin future trustee sales;

- incorrectly alleges that all Defendants are corporations with multiple offices located in San Diego County, and incorrectly identifies them all as servicers of Miller's loan;

- adds Defendant Brian Richard, dba Richard Realty, without adequately explaining his role in the events giving rise to Miller's claims;

- refers to Defendants collectively as participating in all the events leading to Miller's claims, and alleging that each Defendant was the others' agent and employee for all purposes, without alleging facts to support such a conclusion; and

- fails to address the running of the statute of limitations that the motion to dismiss pointed out.

For these reasons alone, this action could properly be dismissed both for failure to prosecute and for disobedience to the Court's orders. But the apparent running of the statute of limitations is the most serious problem.

Miller relies on federal question jurisdiction for the RESPA and TILA claims, and supplemental jurisdiction for the state law claims. He cannot rely on diversity because the parties are not diverse; both he and Brian Richard are California citizens. (*See* Docket no. 19-2 (proposed amended Complaint), ¶¶ 10 (alleging that "the parties reside" in this District), 13 (alleging that Brian Richard is a licensed real estate broker in this District).)

The only federal claims in either the original or the proposed amended Complaint are claims 2 and 6, the RESPA and TILA claims respectively. Bank of America's motion to dismiss pointed out that both RESPA and TILA claims are subject to a one-year statute of limitations, and that according to the Complaint, this period expired in 2006. *See* 12 U.S.C. § 2614 (providing a one-year limitations period for RESPA claims); 15 U.S.C. § 1640(e) (providing a one-year limitations period for TILA claims). The running of both statutes of limitations is apparent on the face of all versions of the Complaint that have been filed or submitted, and no version of the Complaint suggests any basis for tolling. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (holding that a claim may be dismissed under Fed. R. Civ. P. 12(b)(6) when the running of the statute is apparent on the face of the Complaint). In spite of the Court's admonition to Miller to address the time bar, and caution that his failure to do so would be construed as a concession that successful amendment was impossible (*see* Docket no. 9 at 2:24–25, 3:9–15), he has remained silent on that point. The Court therefore accepts his concession that the RESPA and TILA claims are time-barred and must be dismissed.

When all claims over which the Court has original jurisdiction have been dismissed, the Court has discretion to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). Ordinarily if federal claims are dismissed before trial, the Court should decline to exercise jurisdiction over supplemental state-law claims as well.

/ / /

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Because the two federal claims (under RESPA and TILA) are time-barred, they are **DISMISSED WITH PREJUDICE**. The remaining claims are **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND** for lack of jurisdiction, as well as for failure to prosecute and disobedience to the Court's orders.

**IT IS SO ORDERED**.

DATED: June 9, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge